[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16002
Non-Argument Calendar

_____

D. C. Docket No. 04-14358-CV-KAM

GEORGE DIX,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 28, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

George Dix filed a complaint against the United Parcel Service ("UPS") for

discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964. The case was heard by a jury which returned a verdict for UPS. During the trial, Dix reported to his lawyer that he overheard a couple of the jurors make disparaging remarks about his lawyer's preparedness and the pace of the trial. Dix says he heard the comments while the judge and lawyers were at a sidebar bench conference. Based on that information, Dix's lawyer moved for a mistrial which was denied. A motion for a new trial made at the conclusion of the trial was also denied.

We review both the denial of a motion for a new trial and motion for a mistrial for an abuse of discretion. *Bianchi v. Roadway Exp., Inc.*, 441 F.3d 1278, 1282 (11th Cir.), (per curiam) *cert. denied*, 127 S. Ct. 397 (2006). "Just cause to discharge a juror exists where the district court finds evidence that the juror has had improper extrinsic contact, or where it finds that the juror for some other reason cannot decide the issues fairly." *United States v. Register*, 182 F.3d 820, 840 (11th Cir. 1999) (citation omitted). The district court has broad discretion to investigate and remedy jury misconduct. *United States v. Dominguez*, 226 F.3d 1235, 1246-47 (11th Cir. 2000).

The record reflects that the district judge conducted a painstaking examination of each juror to determine whether there were comments or

observations made by any of them relating to the merits of the case, and found that there were none. Whatever comments were made concerned their perception of the performance of counsel or the pace of the trial in general. Each juror stated that any such comments would not affect their ability to remain impartial in the case, and that there had been no discussion of the merits of the case. Our review of the record reflects that the jury that considered Dix's case focused on the evidence and the law, and reached a verdict free from any improper influence. The district court properly found that the jurors retained the ability to decide the issues in the case fairly and on the merits. Accordingly, we find no abuse of discretion resulting from the denial of Dix's motions.

**AFFIRMED.**